## PETERS v PRICE et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 5, 1934

Andrew M. Henderson, Youngstown, and Andrew Rheuban, Youngstown, for plaintiff in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

In the language used presumably that was a correct statement of the law. The duty was ordinary care, and, as said, only ordinary care. On pages 296 and 297 the court said, referring to the plaintiff:

"Now, plaintiff was a passenger in the automobile of the defendant, Edward L. Price, and under the law of this state negligence, if any, of the defendant, Edward L. Price, is not imputed to the plaintiff, that is, she stands free and clear of any negligence, if any, of the defendant, Edward L. Price, but this does not absolve her from that duty as to her own care and safety, but she is under the duty of using ordinary care for her own safety."

Complaint is made that an unfair distinction is made between plaintiff and defendants. In referring to the plaintiff the court stated it was her duty to use ordinary care, and four times in referring to the defendants the court stated that it was their duty to use ordinary care and only ordinary care, thereby to some extent placing an additional limitation as to negligence upon the defendants. We think that

these instructions in this respect were not happily worded, that they did tend to some extent to impress the jury with the proposition that possibly a different degree of care was required of the plaintiff than of the defendants. However, while not approving of this manner of instructing the jury, we are not able to say that it was reversibly prejudicial. These frequent repetitions suggest another proposition and that is, the charge in this case was exceedingly long, some eighteen pages, in addition to the charge before argument, and the elaborateness with which the instructions were given, causing unnecessary repetition, would naturally have a tendency to confuse the jury. Generally speaking, instructions should be terse and to the point, and it is not necessary to make the instructions so long. There is another proposition connected with what has been read as having been said by the court regarding the duty of the plaintiff, that she was under the duty of using ordinary care for her own safety. That is true. There was no allegation of contributory negligence in the pleadings, and we are of the opinion that the evidence would not support a claim of contributory negligence or justify an instruction of the court to the jury upon that proposition, and we would be inclined to consider that a rather serious matter if it were not for the fact that the court instructed the jury upon the law before argument in this language, in speaking of the duties of the parties:

"And that such failure operated jointly and concurrently in this situation, that is, together, to proximately cause plaintiff's injuries, if any, and if you fail to find that plaintiff, herself, was guilty of negligence, then your verdict will be against both defendants."

The court there interpolated the proposition as to whether the plaintiff was guilty of negligence. Now, we encounter this difficulty, while we can not be absolutely sure from the method in which the requests if they were requests to charge before argument; were incorporated in this bill of exceptions, but what we do find seems to indicate that this was a request given by counsel for plaintiff, and if such we doubt if she could subsequently complain of another instruction solely upon the same subject in the general charge.

These instructions before argument, as found on page 285; "Whereupon the court charged the jury before argument on the issues as follows," that does not indicate whether they were requests or not, and they are not in quotations, but following the instructions it seems to be indicated that these were requests. This is not the first time in which we have encountered this difficulty in considering a case. We suggest that in making bills of exceptions the usual course should be pursued, that the requests made should be incorporated in the bill of exceptions, indicating who made the requests and indicating whether given or refused, and then courts will not be subject to uncertainty, but by reason of this doubt, as to who made this first request, we do not find prejudicial error in giving the subsequent request.

Another alleged error is this, as stated:

'That the court erred in not permitting the plaintiff, at the close of her proof, to amend her petition so as to allege that Brookwood Road or Glenwood Avenue Extension was a main thoroughfare within the purview of the laws of Ohio, and that the defendant Price negligently and unlawfully failed to yield the right of way to the automobile then being driven by the defendant, Robert Rankin, upon said Brookwood Avenue or Glenwood Avenue Extension, and in connection therewith the court's exclusion from the consideration of the jury of all evidence upon this question of main thoroughfare."

We are of the opinion that the evidence does not disclose that this road or street was a main thoroughfare, and therefore, whether or not the court permitted or refused permission to amend does not become important. We think the duties of the two defendants in operating their automobiles are not to be determined by a consideration that one or either of these roads was a main thoroughfare, but that they were simply intersecting streets, and that another rule or law prevails and indicates the duties of the defendants in this instance, which provides, in effect, that it is the duty of a person operating an automobile to safeguard upon his right, that is to defer to automobiles approaching an intersection upon the right. So that, in our opinion, the duty in this case to defer to the other automobile rested upon Rankin, because Price was approaching upon his right, rather than upon Price, as claimed, had it been proper to consider it as a main thoroughfare.

This plaintiff, as has perhaps been said, was a somewhat elderly woman, who was looking for work. She had started to make a trip for that purpose with some other person, who subsequently found himself unable to start his car, and then Mr. Price as a matter of accommodation and kindness, permitted Mrs. Peters and another lady, who was accompanying her, to ride to the intended destination in the rear seat of his car. The front seat was occupied by Price and by the man who had previously undertaken to give Mrs. Price a ride, whose name was Sheldon. We have already said that we do not think that the evidence, undisputed in this case, indicates contributory negligence on the part of Mrs. Peters, or that she was under any duty or obligation to make any suggestion to Mr. Price concerning any duty to be observed in the operation of his car at the time and place in question. It was a cold winter night. She had been standing at a street intersection for about half an hour. The left rear window of the car, which would be the window through which the approach of danger might possibly have been anticipated; that is, the side from which Rankin was coming, was covered with frost and the visibility was very dim through that window. She had only gotten in the car a few moments before, intending to ride a short distance. There was nothing which she observed, or was under any duty to observe and make suggestions to Mr. Price, as to the operation of his car. As has been stated, Price was approaching the intersection from the east, and as he approached he had, as he says, and as the evidence clearly shows, and this is corroborated by the photographs which were taken, an unobstructed view of the approach of the Rankin car for some three or four hundred feet, probably four hundred feet, distant from the intersection. He observed the approach of this car at about that distance. He didn't change the operation of his car but proceeded, as he testiled, at a speed of twenty-five to thirty-five miles an hour until he reached the point where he was immediately entering into the intersection of these two roads, and then he observed that Rankin's car, which he had seen approaching the intersection some four hundred feet away, was also about entering the intersection. Before he quite reached the intersection he observed the car, took his foot off the accelerator and allowed his car to drift a few feet without appreciably diminishing its speed. Then he concluded

he had time and space enough to cross the intersection ahead of Rankin, so he speeded up in an endeavor to beat Rankin to the crossing. He miscalculated, however, and the cars came into collision about the middle of the intersection. Rankin, on the other hand, while he had an unobstructed view or might have observed the approach of the Price car for some three or four hundred feet, failed, as he testified, to observe that car until he, Rankin, was within twenty feet of the intersection. Both cars then were approaching the intersection about the same time. Price speeded up and tried to get across first. Rankin endeavored, as he testified, to stop his car, but the distance was so short that he was unable to do so, and attempting to avoid a collision as a last resort he attempted to turn his car to the left and go down the street which was being traveled upon by Price, but he failed in so doing and the collision resulted and Mrs. Peters was quite seriously injured.

We are of the opinion, upon the uncontradicted testimony in this case, or considering simply the testimony of these two defendants, that they were each guilty of negligence in approaching this crossing under the circumstances which have been indicated, Price having observed the approach of the other car some four hundred feet, paying no attention to it until it was almost in the intersection, allowing it to drift with his foot off the accelerator for a very short distance and then speeding up, when ordinary prudence should have dictated to him that it was a dangerous, negligent thing for him to do, and that Rankin was also negligent in coming into the intersection when he saw or should have seen the approach of the Price car, and to have given away to that, because Price had the right of way under the rule before suggested, approaching on the right of Rankin.

Viewing the case as we do, and under the circumstances and evidence, as we have suggested uncontradicted, we reach the conclusion that the verdict and judgment was erroneous and should not have been in favor of these defendants, and indicates that they were each one of them guilty of negligence, and that no duty of observation under the circumstances in this particular case devolved upon the plaintiff, and that she was not guilty of contributory negli-

gence, and therefore the judgment of the Court of Common Pleas is reversed.

Judgment reversed.

LYNCH and SMITH, JJ, concur in the judgment.